IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,                                     Case No.: 8:16-CR-242-T-36-CEH-AEP

**RAMON ALFREDO SATOS MONTERO**

    Defendant.
_____/

## DEFENDANT RAMON ALFREDO SATOS MONTERO'S SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE PURSUANT TO TITLE 18 U.S.C. SECTION 3553(A)

Mr. Ramon Alfredo Satos Montero, by and through his undersigned counsel respectfully files this sentencing memorandum requesting a downward variance from the advisory guidelines correctly calculated by the probation office as 135-168 months. See Presentence Investigation Report ("PSR"), paragraph 49. It is specifically requested that the Court grant a departure or variance to the minimum mandatory term of 120 months.

It is respectfully submitted that a 120 month minimum mandatory term is a sufficient term of imprisonment necessary to achieve the purposes of sentencing under 18 U.S.C. §3553(a).

## BACKGROUND

Mr. Ramon Alfredo Satos Montero was born on July 21, 1978, in Ecuador. Mr. Montero has three (3) children. At the time of the instant offense Mr. Montero resided in a small home that was demolished in an earthquake which occurred shortly before Mr. Montero agreed to participate in a maritime drug smuggling venture.

Additionally, Mr. Montero presently suffers from a life-threatening illness that weakens his immune system. His motivation to participate in the instant offense was predicated upon his financial and medical circumstances, especially since losing his home in the earthquake.

1

## ROLE IN THE OFFENSE

Mr. Montero is the captain of the vessel at issue in this case and accordingly his base offense level was increased by two levels. Mr. Montero has pled guilty, accepted his responsibility and cooperated with law enforcement honestly providing to them all the facts in his case.

## MEMORANDUM OF LAW

As the Court is aware, the guidelines are no longer mandatory and may not be presumed reasonable. *United States v. Nelson*, 555 U.S. 350 (2009). Indeed, there are "…many instances where the guideline range will not yield a reasonable sentence.." *United States v. Hunt*, 459 F.3rd 1180, 1184 (11th Cir. 2006). This case is such an instance where the guideline range computed in the PSR would yield an unreasonable sentence. Consideration of the factors addressed in §3553(a) supports a sentence below the advisory guideline range.

Concededly, the offense of conviction in this case is a serious offense carrying serious consequences for those who violate the law. That said, a review of the nature and characteristics of Mr. Montero and the circumstances that led him to commit the offense reveals a man who does not need to be imprisoned more than ten (10) years.

Mr. Montero chose to join this criminal venture for financial reasons all beyond his control. Now in addition to facing a significant term of imprisonment, he has and will have limited contact with his loved ones. Given his heartfelt acceptance of responsibility and commitment to family, Mr. Montero is unlikely to re-offend upon returning home. His ordeal to date has impressed upon him the consequences of this conduct.

Mr. Montero has no prior criminal record. He certainly did not plan or organize this venture. There was no violence used (or even contemplated) during the course of the crime. He

simply served as the captain of a vessel transporting someone else's drugs to their final destination.

The Court is fully able to promote respect for the law, protect the public, and afford adequate deterrence by imposing a sentence of 120 months in this case.

## CONCLUSION

As the foregoing establishes, the unique circumstances presented in Mr. Montero's case warrant a variance below the applicable guideline range to a term of 120 months.

Respectfully submitted,

*/s/ Victor D. Martinez*
Victor D. Martinez, Esquire
Florida Bar No. 0444601
Victor D. Martinez, P.A.
423 South Hyde Park Avenue
Tampa, FL  33606
Telephone: (813) 289-0600
Facsimile: (813) 251-0505
Email:vmartinez@tampabay.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to counsel of record.

*/s/ Victor D. Martinez*
Victor D. Martinez, Esquire
Florida Bar No. 0444601